Forest BRAY, Appellant,

v.

CAP CORP., Appellee.

No. 49770.

Supreme Court of Oklahoma.

Nov. 29, 1977.

Park, Nelson & Caywood, by Kerry W. Caywood, Charles W. Park, Chickasha, for appellant.

Harry C. Marberry, Oklahoma City, for appellee.

BERRY, Justice.

Forest Bray, appellant, is the owner of an undivided 20 acres of minerals under an 80 acre tract in the W/2 SW/4 Section 25, Township 4 North, Range 6 West, Grady County.

Cap Corp., appellee, is the owner of the surrounding oil and gas leases.

After unsuccessfully negotiating with appellant for his lease, appellee filed application to "force pool" appellant's lease interest with the Corporation Commission under provision of 52 O.S.1971 § 87.1. From an order granting appellee's application, this appeal has been taken. Only those matters essential to this appeal will be discussed.

Commission referred application to a trial examiner for hearing. At the hearing, testimony of appellee's president and lease broker was that mineral leases in the pooled area had been purchased for one-eighth royalty interest and bonus of $50.00 per acre. Appellant testified he thought value of his property for mineral lease purposes was a royalty of one-eighth or one-fourth and $200 per acre bonus.

Trial examiner reported his findings to Commission, together with recommendations that pooling order issue; that royalty be one-eighth and owners of any pooled interest be given opportunity to participate in oil and gas exploration. Examiner recommended owners who chose to not participate be paid a bonus of $50.00 per acre.

Appellant filed his exceptions which were heard by Commission in due time. Appellant, at hearing of exceptions, maintained examiner had failed to give any weight to his evidence. He asked Commission to transcribe the record of proceedings before the examiner and consider that transcript prior to entering an order in the matter.

No transcript was made. Commission entered order not dissimilar to recommendations of trial examiner.

Appellant appealed Commission's order which is now before us on the merits. He then applied to Commission to stay effectiveness of its order pending appeal. Commission refused. Upon that refusal appellant applied to this Court for a stay, which was, heretofore, not granted.

After his petition in error was filed appellant amended it to allege error on the

part of Commission in failure to stay effect of its decision and set supersedeas bond.

■ For his first proposition appellant argues it was error for Commission to decide the case without first preparing and considering transcript of hearing before trial examiner.

Rule 24, Oklahoma Corporation Commission Rules of Practice, entitled EXCEPTIONS TO REPORT OF HEARING OFFICER, provides in part:

"...

"(c) A party taking exception to any part of the summary of the evidence stated in the report of the hearing officer, shall attach to his exceptions what he deems to be a correct summary of the pertinent evidence. Any other party may file written response to the exceptions within five days after service thereof, and may attach thereto his own summary of the pertinent evidence. A copy of such response shall be served by regular mail upon each party of record. *In absence of such action by the parties, the exceptions will be heard upon the summary of evidence contained in the report, unless a party furnishes a transcript of the hearing for consideration of the exceptions.* The Commission may, in its discretion, cause a transcript of all or any part of the hearing to be prepared for consideration of the exceptions." (emphasis added)

The record does not show appellant complied with provisions of quoted rule. Appellant failed to furnish transcript or to attach a "correct summary" to his exceptions. Absent compliance with the rule we will not say Commission improperly exercised its authority in failing to cause transcript of the hearing to be made prior to entering its order. Appellant's first proposition is without merit.

■ For his second proposition appellant advances the notion Commission erred by making no findings or order disposing of appellant's exceptions to the report of trial examiner. Appellant argues Commission, without ruling on the exceptions, simply adopted the report of trial examiner. Appellant cites no authority wherein Commission's practice of not specifically ruling on exceptions is disapproved.

Rule 24, Oklahoma Corporation Commission Rules of Practice, entitled EXCEPTIONS TO REPORT OF HEARING OFFICER, provides in part:

"...

"(e) Upon hearing the exceptions, the Commission may affirm, reverse, modify, alter or amend the findings of fact of the hearing officer, or may remand the proceeding for further hearing. The Commission shall enter the Order it deems appropriate."

The rule governing treatment of exceptions requires they be heard. The rule requires Commission enter an appropriate order. Although the rule allows Commission to affirm, reverse, modify, alter or amend examiner's report as a result of consideration of the exceptions, there is no requirement that exceptions be separately ruled upon.

We will not say Commission must separately rule on exceptions in every case where exceptions are filed and Commission hears exceptions *en banc* and issues findings and order after that hearing.

We do not observe, nor does appellant tell us, that any party to the proceeding was prejudiced by the rule. In this instance we cannot conclude appellant's rights are dependent upon separate rulings on exceptions. Where a party is aggrieved by Commission's order, the order may be appealed to this Court. 52 O.S.1971 § 113. The right to appeal is not affected by Commission's treatment of exceptions.

In this case the Report of Commission recites the omission considered all evidence after hearing exceptions. We will not say Commission failed to consider exceptions in these circumstances. Appellant's second proposition is not well taken.

■ Appellant's third proposition urges he was denied rights secured by him by Art. IX § 21, Okl.Const., by refusal of Commission to stay effectiveness of the order appealed.

Appellant asserts the cited constitutional provision requires Commission to stay its order upon compliance with terms of supersedeas bond which Commission may impose.

Resolution of this appeal does not require us to interpret the constitutional provision. Appeals in "forced pooling" cases are controlled by provisions of 52 O.S.1971 § 113.

While 52 O.S.1971 § 113, allows Commission to stay effectiveness of an order pending appeal, the statute cannot be read as requiring Commission to stay its order. Appellant has cited no authority, other than Art. IX § 21, Okl.Const., on the matter of stay and supersedeas bond. Appellant's third proposition is not well taken.

Order of Corporation Commission affirmed.

All Justices concur.